## BRADLEY *v.* GARDNER.

In an action of slander, for words spoken in the presence and hearing of the plaintiff, and immediately after the defendant had uttered the slanderous words the plaintiff replied to them, which reply plaintiff offered to prove on the trial, and the Court refused to hear such proof: *Held*, that such ruling of the Court was error, as the reply might have qualified or explained the slanderous words, or shown in what sense they were uttered, or might have even admitted their truth.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

This was an action for slanderous words spoken by the defendant, of and concerning the plaintiff, and in his presence.

On the trial, James Brownley, a witness for the defendant, after stating that plaintiff and defendant were quarreling in front of a saloon, in the town of Santa Clara, and detailing the slanderous words used by defendant, testified as follows : " The plaintiff called Gardner a Christ-killer.  After this, Gardner went across the street to wait on a lady."  Record then proceeds : " Witness was then about to tell what Bradley hallooed to Gardner immediately after he went across the street, to which plaintiff objected, and defendant insisted on witness making the statement, on the ground that it was a part of the same conversation.  The Court sustained the objection, on the ground that it was statements of the plaintiff made after the slanderous words were spoken by the defendant."  To which ruling of the Court, defendant excepted.

The cause was tried before a jury, who returned a verdict for plaintiff, and assessed the damages at $500.  Judgment was en-

tered thereon. Defendant moved for a new trial, which was refused, and he appealed to this Court.

*Williams and Ryland* for Appellant.

*Vories and Archer* for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

Without considering the other assignments of error, it is apparent that the judgment must be reversed, on the ground that the Court below, on the trial, refused to admit the proof of the entire conversation between plaintiff and defendant at the time of the uttering of the alleged slanderous words. The question asked was as to the reply made by the plaintiff when the defendant uttered the words for speaking which suit was brought. That reply might have qualified or explained the words, or shown in what sense they were uttered, or even admitted their truth. At all events, they were a part of the transaction out of which the suit arose; and the plaintiff was entitled to have them if he thought them material. For this error, the judgment must be reversed, and the cause remanded.